IN THE UNITED STATES DISTRICT COURT FILED
FOR THE
EASTERN DISTRICT OF TENNESSEE 2021 JAN -8 A 8:47

U.S. DISTRICT COURT
EASTERN DIST. TENN.
_____ DEPUTY CLERK

| | |
|---|---|
| JOHN HAUPT JR. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )  Civil Action No. |
| | ) |
| AgCentral Farmers Coop, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, John Haupt Jr., complains, through his counsel, of Defendant, AgCentral Coop as follows:

### I.     PRELIMINARY STATEMENT

1. This is an action seeking injunctive and declaratory relief to remedy unlawful discrimination by the Defendant against the Plaintiff in Defendant's place of public accommodation, which violates the Americans with Disabilities Act, 42 U.S.C.§ 12101 *et seq.*

### II.     PARTIES

2. Plaintiff, John Haupt Jr. is disabled as his ability to walk is severely impaired because of his back and neck injuries. Plaintiff relies on an electric scooter, wheel chair, or cane for mobility.

3. Defendant is a corporation with its principal place of business located in 920 Congress Parkway N Athens, Tennessee 37303, Defendant owns and operates a hardware store located at 2084 Lee Highway Loudon, Tennessee 37774, which is the subject of this action

### III. JURISDICTION

4. Jurisdiction is conferred upon this court by 28 U.S.C §1331 and § 1343, in that this is an action arising under the laws of the United States.

5. Venue is appropriate in this court under 28 U.S.C § 1391(b); this claim having arisen within the Eastern District of Tennessee, and the Defendant is subject to personal jurisdiction.

### IV. CLAIM

6. Title III of Americans with Disabilities Act prohibits discrimination against individuals "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantage, or accommodation of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C § 12182(a).

7. Defendant, Loudon Farmers co-op owns and operates, a hardware store constructed on a parcel containing 21,600 square feet, located at 2084 Lee Highway Loudon, Tennessee 37774 .

8. Congress defines a hardware store as a "public accommodation" covered by 42 U.S.C. § 12181(7)(E)

9. Defendant has discriminated against Plaintiff by failing to design and construct facilities which they are readily accessible to, and usable by, Plaintiff, John Haupt Jr., thereby preventing the Plaintiff from having full and equal enjoyment of the goods and services offered to the public by the Defendant's hardware store.

10. Defendant's shopping center is not accessible to persons with disabilities in ways which include:

    a. There are no signs identifying handicap parking which is a violation of § 216.5 of the ADA Accessibility Guidelines for Buildings and Facilities (ADAAG).

    b. The side wall grab bar, in the restroom stall, does not meet the minimum 54 inches minimum length of the rear wall which is a violation of § 604.5.1 of ADAAG.

    c. The bottom edge of the mirror in the restroom located over the sink is above the maximum allowed 40 inches from the finished floor, which is a violation of § 603.3 of the ADAAG.

    d. The drain pipe underneath the sink in the restroom is not insulated or otherwise configured to protect against contact, this is a violation of § 606.5 of ADAAG.

11. Upon information and belief, correction of the items complained of in paragraph 11 of this complaint is readily achievable.

12. In addition, Plaintiff believes that Defendant's noncompliance with the ADA, such as not having fully complied with handicap parking, access aisles and an accessible route from the handicap parking spaces to the entrance of the store located at the shopping center is a "sign" that persons with a disabilities are not welcome and the Plaintiff is dissuaded from shopping there.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays this honorable court;

1. That this Court assume jurisdiction.

2. That this court issue an injunction enjoying the Defendant from continuing its unlawful discrimination against persons with disabilities.

3. That this Court Order the Defendant to alter its premise in such to such facilities accessible to and usable by individuals with disabilities to the extent required by the Americans with Disabilities Act and Subpart E of 28 C.F.R. Part 36.

4. This Court award Plaintiff appropriate attorney's fees, including expenses and costs of such suite, as provided by 42 U.S.C. § 12205 and 28 C.F.R. § 36.505.

5. This court may award plaintiff such other additional proper relief as may be just and equitable.

Respectfully submitted,

John L. Haupt III
Attorney for the Plaintiff
800 S Gay St #700
Knoxville, TN 37929
(P)(865)313-6039
(E) jhauptlaw@gmail.com
BPR #037676

Dated: 1/8/2021